IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnelle Hudson, | ) | Case No.: 4:20-cv-2944-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Ms. Joette Scarborough, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III, ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiff Darnelle Hudson ("Hudson" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action alleging Defendant Ms. Joette Scarborough ("Scarborough" or "Defendant") violated his constitutional rights by keeping him on lock-up at the Kershaw Correctional Institution (KCI) restrictive housing unit for over seven months past his completion of segregated time. (DE 1.)

Plaintiff originally filed this action on August 13, 2020, and an order authorizing service of process was issued on August 17, 2020. (DE 7). The summons was executed, and a process receipt and return were filed evidencing personal service on Defendant by the United States Marshals Service on November 23, 2020. (DE 13.) Defendant failed to file an answer or otherwise

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

appear in this action, as indicated by the docket and Plaintiff's Affidavit and Request for Entry of Default. (DE 16.) As a result, an Entry of Default (DE 17) was made by the Clerk of Court pursuant to Rule 55(a), Fed. R. Civ. P., on April 8, 2021. (DE 16, 17.) On July 22, 2021, Plaintiff filed a Motion for Default Judgment. (DE 23.) A hearing was scheduled for September 28, 2021, and a Notice of Hearing was entered on Plaintiff's motion and for a determination of damages. (DE 27.) Defendant was personally served with the Notice of Hearing by the United States Marshals Service on August 23, 2021. (DE 31.) Neither Scarborough nor anyone on her behalf appeared at the hearing. Plaintiff's Complaint alleged Retaliation and Fourteenth Amendment Due Process violations. As to the Retaliation claim, Plaintiff alleged that:

> Defendant intentionally retaliated against him for exercising his right to be released from lock-up after successively completing eighteen months on security detention custody or lockup without any disciplinary charges. Plaintiff states that based on his good conduct on security detention he was released from security detention custody on or about February 8, 2018, and placed on 'awaiting program custody level 3' but was not released from lock-up to the general population or transferred from the KCI lockup and placed in a step down program. Instead, as soon as he proceeded to exercise his First Amendment rights to grieve the lack of release from lockup, Defendant placed him back in security detention, removed him from the 'awaiting program level 3' without justification or disciplinary offense, he received no notice of hearing, and was not allowed to be present at the hearing, and was not allowed to appeal the decision. Plaintiff asserts he was placed back in security detention custody level for an additional seven months when he was supposed to be released from RHU and placed in the general population.

(DE 36, pp. 111-12.) As to Plaintiff's Fourteenth Amendment Due Process claim he alleges that he

> did not receive timely written notice of any violations that would cause him to be placed back into security detention and solitary confinement in the RHU, did not receive any notice of charges, and was not allowed to attend a hearing, present witnesses or evidence or appeal the decision. Plaintiff was placed back into lock-up with no books, magazines, television, visitation, recreation, canteen privileges and was in his cell in solitary for an additional seven months.

(DE 36, p. 16.) Accepting Plaintiff's allegations as true in light of Defendant's default and failure to appear at the hearing, on January 12, 2022, the magistrate issued a Report recommending that Plaintiff's Motion for Default Judgment be granted against Scarborough. (DE 36.)

As to damages, Plaintiff requested damages in the amount of $300,000.00 and punitive damages in the amount of $250,000.00. Rule 55(b)(1) Fed. R. Civ. P., provides that if a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk must enter judgment against the defaulting party for that amount plus costs. However, the fact that the complaint specifies an amount does not make it a sum certain. See Richardson v. Duncan, 2018 WL 851342, (D.S.C, Jan. 11, 2018)[2] (citing KPS & Associates v. Designs by FMC, Inc., 318 F.3d 1 (1st Cir. 2003)). Accordingly, the Report recommended judgment be entered in the amount of $20,050.00 for the Plaintiff. The Report reasoned that Plaintiff did not submit evidence of medical care or mental health treatment due to the matters alleged in this complaint; and therefore, he is entitled to nominal damages in the amount of $10,050.00. (201 days x 50.00 a day). Equally, the Report recommended punitive damages of $10,000.00 because Security Detention ("SD") is an extreme form of confinement under the circumstance and Plaintiff was subjected to SD for an additional seven months after repeatedly requesting release and Defendant was aware of the circumstances. (DE 36, p. 22.)

Defendant filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept

---

[2] Richardson v. Duncan, 2018 WL 851342 (D.S.C. Jan. 11, 2018), adopted sub nom. Richardson v. Wilkes, 2018 WL 835227 (D.S.C. Feb. 13, 2018), aff'd, 735 F. App'x 67 (4th Cir. 2018).

the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion for Default Judgment (DE 23) is granted and judgment against Defendant is entered in the amount of $20,050.00.

**IT IS SO ORDERED.**

February 7, 2022
Greenville, South Carolina

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.