IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DARNELLE HUDSON | ) | CASE NO.: 4:21-cv-03703-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| MS. JOETTE SCARBOROUGH | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Ms. Joette Scarborough's ("Scarborough" or "Defendant") Motion to Vacate Default Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (DE 51.) Plaintiff Darnelle Hudson ("Plaintiff" or "Hudson") has not filed a response to the motion, and the motion is ripe for review and decision. For the reasons set forth herein, Defendant's motion is granted.

**BACKGROUND**

On August 30, 2019, Scarborough retired from her employment with the South Carolina Department of Corrections ("SCDC"). Prior to retiring, she was employed as the Division Director of Classification and Inmate Records. Plaintiff filed this action on August 13, 2020, alleging Defendant violated his constitutional rights by keeping him in solitary confinement seven months after the completion of his confinement. Defendant was allegedly personally served with the summons and complaint on November 23, 2020, at SCDC, 4444 Broad River Road, Columbia, SC 29210. (DE 51-1.)

The Clerk of Court entered default on April 8, 2021. Plaintiff filed a Motion for Default Judgment on July 22, 2021. A hearing was scheduled for September 28, 2021. Scarborough was personally served with the Notice of Hearing on August 23, 2021. (DE 51-2.) On September 2,

1

2021, Barton J. Vincent, General Counsel for SCDC, sent a letter to the Insurance Reserve Fund requesting that it associate outside counsel to represent Scarborough in regard to a lawsuit that was received on November 23, 2020. (DE 51-3.) The letter provides the case number and an SCDC file number. Provided with the letter is an SCDC case detail report. On September 7, 2021, Dennis Patterson, Assistant Deputy Director of Operations for SCDC contacted Ms. Candi Cannon. (DE 51-4.) He informed her that Scarborough needed a copy of records for two inmates: Billy Larson and Darnelle Hudson. The email further indicates that Scarborough had two active cases she was required to participate in due to her former employment with SCDC. On September 14, 2021, Ms. Cannon informed Scarborough the documents were ready for pickup. (DE 51-5.) Scarborough responded, confirmed she would, and in fact did, pick up the documents from SCDC. Scarborough appeared for Mr. Larson's hearing. However, she believed Hudson's hearing had been canceled.

On February 7, 2022, the Court granted Plaintiff's Motion for Default Judgment and granted judgment against Defendant in the amount of $20,050.00. On August 18, 2022, Scarborough was informed by Mr. Patterson that a default judgment was entered against her. (DE 51-6.) On September 2, 2022, Ms. Christina Bigelow informed Mr. Patterson that the two hearings were separate cases in two different locations. (DE 51-7.)

## LEGAL STANDARD

To obtain relief from a default judgment pursuant to Rule 60(b), the movant must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46 (4th Cir. 1993). In considering a motion to set aside an entry of default, the Fourth Circuit has stated:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with

reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) (quoting Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006)). Additionally, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Id. The Fourth Circuit uses the same factors to analyze Rule 55(c) and 60(b) motions, but "the burden on a movant seeking relief under the two rules is not the same." Id. at 420. "Rule 60(b) motions request relief from judgment, which implicates an interest in finality and repose, . . . a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered." Id. (internal quotation marks omitted). "Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s excusable neglect standard is a more onerous standard than Rule 55(c)'s good cause standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality." Id. (internal quotation marks omitted).

## DISCUSSION

Defendant contends she meets the threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." See Dowell, 993 F.2d at 46. The Court agrees. First, as to timeliness, the default judgment hearing was held on January 12, 2022, and the default judgment was entered on February 7, 2022. This motion was filed on February 9, 2023, approximately one year later, however only several months after Scarborough learned of the default judgment.

As for a meritorious defense, Scarborough contends she did not have individual decision-making power over the actions for which Hudson seeks redress. "[A]ll that is necessary to

3

establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (citing Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 n.8 (4th Cir. 1974)).  The defaulting party can establish the existence of a meritorious defense by alleging facts that, if established at trial, would constitute a valid defense to the claims asserted against him.  Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).  Here, Hudson identifies Scarborough as a "classification case worker" in the Complaint.  (DE 1.)  However, Scarborough was not a case worker but rather the Division Director of Classification and Inmate Records.  In this role, she had no personal contact with Hudson throughout her employment with SCDC.  Hudson asserts Scarborough "intentionally abused her authority" (DE 1), his rights were violated between March 20, 2018, and October 7, 2018, and he was kept in confinement seven months over the completion of his security detention, which violated SCDC policy.  However, Scarborough did not have individual authority over the length of time an inmate is in security detention.  Scarborough was the chairperson of the Restrictive House Unit Multidisciplinary Committee ("RHUMC"), which was comprised of Scarborough, a regional director, a mental health counselor, and a program coordinator.  Decisions of the committee were made by majority rule, and therefore, Scarborough did not have individual authority to override the committee or make independent decisions regarding an inmate's placement.  Therefore, Scarborough has presented a meritorious defense.

Further, "[u]nfair prejudice exists where certain witnesses or defendants cannot be located or a defendant company has ceased operations." University Forest Products Easter Div., Inc. v. Mitchell, 957 F.2d 126, 1332 (4th Cir. 1992).  Here, the SCDC is operational and both Hudson and Scarborough are available as witnesses.  Additionally, there is no allegation that any evidence

has been destroyed or is unavailable due to the passage of time. Likewise, there is no evidence that any other witnesses are unavailable. Thus, the prejudice to Hudson is minimized in the vacating of the default judgment.

Lastly, exceptional circumstances and excusable neglect exist warranting setting aside default judgment because Scarborough was not personally served with the summons and complaint. While the Complaint was served on someone at SCDC, it was 15 months after Scarborough had retired. Nevertheless, it appears that Scarborough turned the Notice of Hearing over to the SCDC for handling. Mr. Patterson helped obtain the paperwork for Ms. Scarborough. General Counsel for SCDC forwarded the lawsuit to the Insurance Reserve Fund ("IRF") to be handled. However, Scarborough alleges the IRF failed to provide a lawyer for Ms. Scarborough. As a result, one year later she discovered that a default judgment had been entered against her and promptly took action to remedy the default against her.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Vacate Default Judgment (DE 51).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

June 15, 2023
Florence, South Carolina